1

2

3

4                                 UNITED STATES DISTRICT COURT

5                                         DISTRICT OF NEVADA

6                                                 * * *

7   In re:                                          Bk Case No. 14-14200-mkn
                                                    Chapter 13 (Dismissed)
8   AYDIN T. ONER,
                                Debtor.             Adv. Proceeding 14-011112-mkn
9   _____

10  AYDIN T. ONER,
                                                    Case No. 2:14-CV-1604 JCM
11                              Plaintiff(s)/Appellant,
                                                                    ORDER
12          v.

13  CITIMORTGAGE, INC. and NATIONAL
    DEFAULT SERVICING CORPORATION, et
14  al.,

15                              Defendant(s)/Appellees.
    _____

16

17

18          Presently before the court is *pro se* appellant Aydin T. Oner's motion for a temporary

19  restraining order.  (Doc. # 7).  Respondents filed a response.  (Doc. # 8).

20  **I.      Background**

21          This case is an appeal of the bankruptcy court order dismissing appellant's complaint.

22  Appellant seeks a temporary restraining order to halt the sale of his real property, scheduled for

23  9:15 AM, December 11, 2014.  (*See id.*).

24          Though appellant presents few facts in the instant motion, the case appears to be a

25  mortgage and foreclosure related lawsuit.  (*See* doc. # 7).  Only a notice of appeal and the instant

26  motion for a temporary restraining order have been filed to date with this court.  (*See* docs. ## 1,

27  7).

28

**James C. Mahan**
**U.S. District Judge**

1   Based on the few exhibits filed with appellant's notice of appeal, it appears the

2   bankruptcy court dismissed appellant's complaint because appellant "fail[ed] to plead any

3   plausible non-conclusory facts and/or legal theories in support of any of the stated causes of

4   action" and therefore failed to satisfy the standards of pleading under Federal Rules of Civil

5   Procedure 8 and 12(b)(6).  (*See* doc. # 1).  Appellant then filed a notice of appeal with this court.

6   (Doc. # 1).

7   Appellant asserts that his pleading before Judge Nakagawa in the bankruptcy court was

8   "non-core," and therefore, under the Federal Rules of Bankruptcy Procedure, Judge Nakagawa's

9   dismissal of his complaint was beyond the scope of his authority.  *See* Fed. R. Bankr. P. 7008(a).

10   Federal Rule of Bankruptcy Procedure 7008(a) provides:

11
12   > In an adversary proceeding before a bankruptcy judge, the complaint, counterclaim, cross-claim, or third-party complaint shall contain a statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge.
13

13   Appellant claims that the he "*never* consented to the bankruptcy court entering *any* final

14   order or judgment," and that a temporary restraining order should be imposed because selling his

15   home and pressuring his tenants to leave constitutes irreparable harm and undue hardship under

16   the test for a temporary restraining order.  (*See* doc. # 7) (emphasis original).  However,

17   appellant presents no exhibits or other evidence to support his claims.

18   Respondents assert that appellant has engaged in a campaign of dilatory conduct to delay

19   the foreclosure of his property, noting that appellant waited nearly two months after the notice of

20   scheduled sheriff's sale to file the instant motion for a temporary restraining order.  (*See* doc. #

21   8).  Respondents request the temporary restraining order be denied in its entirety.

22   **II.    Legal Standard**

23   A court may issue a temporary restraining order when the moving party provides specific

24   facts showing that immediate and irreparable injury, loss, or damage will result before the

25   adverse party's opposition to a motion for preliminary injunction can be heard.  Fed. R. Civ. P.

26   65.  "The purpose of a temporary restraining order is to preserve the status quo before a

27   preliminary injunction hearing may be held; its provisional remedial nature is designed merely to

28   prevent irreparable loss of rights prior to judgment."  *Estes v. Gaston*, no. 2:12-cv-1853-JCM-

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix*

2  *Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)).  "Thus, in seeking a temporary restraining

3  order, the movant must demonstrate that the denial of relief will expose him to some significant

4  risk of irreparable injury."  *Id.*  (quoting *Associated Gen. Contractors of Cal. v. Coalition of*

5  *Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991)).

6        The Supreme Court has stated that courts must consider the following elements in

7  determining whether to issue a temporary restraining order and preliminary injunction: (1) a

8  likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not

9  granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*,

10  555 U.S. 7, 20 (2008).  The test is conjunctive, meaning the party seeking the injunction must

11  satisfy each element.

12  **III.    Discussion**

13        Under Federal Rule of Bankruptcy Procedure 8005, "A motion for a stay of the judgment,

14  order, or decree of a bankruptcy judge, for approval of a supersedeas bond, **or for other relief**

15  **pending appeal must ordinarily be presented to the bankruptcy judge in the first instance**. .

16  . . **A motion for such relief**, or for modification or termination of relief granted by a bankruptcy

17  judge, **may be made to the district court** or the bankruptcy appellate panel, **but the motion**

18  **shall show why the relief, modification or termination was not obtained from the**

19  **bankruptcy judge**." Fed. R. Bankr. P. 8005 (emphasis added).

20        The bankruptcy appellate panel, or the district court sitting in its stead, will not entertain

21  a request for a stay of judgment pending appeal unless it is first demonstrated that trial judge is

22  unavailable or that request was denied by trial judge.  *See In re Wymer,* 5 B.R. 802, 807–08

23  (B.A.P. 9th Cir. 1980); *In re O'Kelley*, No. CIV. 10-00356 DAE, 2010 WL 3984666, at *3 (D.

24  Haw. Oct. 8, 2010); Fed. R. Bankr. P. 8005.  Only if the trial judge is unavailable does the

25  appellate tribunal exercise its own discretion; in other instances, such as where trial court has

26  denied stay, appellate panel simply determines whether trial court abused its discretion. *Id.*

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    Appellant's motion for a temporary restraining order in the instant case is a motion for

2    "other relief pending appeal" under Rule 8005.  Therefore, appellant's motion must ordinarily be

3    presented to the bankruptcy judge in the first instance.  If the motion is not presented to the

4    bankruptcy judge first, appellant must show in his motion why the relief was not obtained from

5    the bankruptcy judge.

6    Here, appellant did not present his motion for a temporary restraining order before the

7    bankruptcy judge.  Further, he provides no reason to this court as to why he did not obtain or

8    seek to obtain relief from the bankruptcy judge.  Appellant asserts only that he "*never* consented

9    to the bankruptcy court entering *any* final order or judgment" and that a temporary restraining

10   order should be imposed because selling his home and pressuring his tenants to leave constitutes

11   irreparable harm and undue hardship under the test for a temporary restraining order.  (*See* doc. #

12   7) (emphasis original).  Appellant presents no exhibits or other evidence to support his claims.

13   Because the appellant did not seek relief from the bankruptcy court first regarding this

14   motion, and because appellant does not set forth any reasons why he was unable to seek relief

15   from the bankruptcy court first, appellant's motion for a temporary restraining order will be

16   denied.

17   **IV.    Conclusion**

18   Accordingly,

19   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that appellant's motion for

20   a temporary restraining order (doc. # 7) be, and the same hereby is, DENIED without prejudice.

21   DATED December 5, 2014.

22

23   _____
     UNITED STATES DISTRICT JUDGE

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -