Kristin A. Schuler-Hintz, Esq. SBN 7171
Sherry A. Moore, Esq. SBN 11215
**McCarthy & Holthus, LLP**
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
Phone (877) 369-6122
Fax (866) 339-5691

Attorney for: Federal National Mortgage Association, Inc., and Seterus, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | BK Case No. 14-14200-mkn |
| | Chapter 13 (Dismissed) |
| Aydin T Oner, | |
|     Debtor. | |
| Aydin T. Oner | Adv. Proceeding No.: 14-01112-mkn |
|     Plaintiff, | |
| vs. | Case no.: 2:14-cv-01604-JCM |
| CitiMortgage, Inc., and National Default Servicing Corporation, et al., | **APPELLEES FEDERAL NATIONAL MORTGAGE ASSOCIATION, INC.'S AND SETERUS, INC.'S OPPOSITION TO APPELLANT'S APPLICATION FOR PRELIMINARY INJUNCTION** |
|     Defendants. | |
| Aydin T Oner | |
|     Appellant, | |
| vs. | |
| CitiMortgage, Inc., National Default Servicing Corporation; Federal National Mortgage Association and Seterus, Inc., and Ocwen Loan Servicing, Inc. | |
|     Appellees. | |

Comes now, Sherry A. Moore, Esq., of the law firm of McCarthy & Holthus, LLP, as counsel of record for Appellees Federal National Mortgage Association, Inc. and Seterus, Inc., and hereby opposes the Appellant's Application for Preliminary Injunction dated December 29, 2014.

///

///

**ARGUMENT**

Just as was the case with Appellant's Motion for Temporary Injunction, the instant Motion for Preliminary Injunction is without merit and must be denied in its entirety.

In the first instance, Appellant has engaged in a campaign of dilatory conduct through the state/federal court system(s) since 2012. As alleged in the underlying case (Bankruptcy Adversary no. 14-01112-MKN), specifically in the factual allegations of Appellees' Federal National Mortgage Assoc. ("FNMA") and Seterus, Inc. Motion to Dismiss, the Debtor/Plaintiff/Appellant has prejudicially delayed FNMA/Seterus in its foreclosure action since 2012. After substantive scrutiny in the 8th Judicial District Court and the granting of summary judgment in favor of FNMA/Seterus so as to schedule a "sheriff's sale" of the subject real property in May 2013, the Appellant engaged in a scheme of delay of said sale by two consecutive Chapter 13 bankruptcy filings on the eve of sale (both dismissed for failure to prosecute), and a bankruptcy adversary matter (the dismissal of which is the subject of the current appeal). See Appellee's Motion to Dismiss, Statement of Facts, page 2-3, and attached as **Exhibit A** to Appellee's Opposition to Motion for Temporary Injunction, **Docket # 8**. Furthermore, the adversary matter was similarly dismissed on or around September 23, 2014. On October 10, 2014, a sheriff's sale was re-scheduled for December 11, 2014, and notice thereof provided on October 13, 2014. See **Exhibit "B"** attached to Appellee's Opposition to Motion for Temporary Injunction, **Docket # 8**.

In yet another example of dilatory conduct, Appellant waited nearly 2 months thereafter to file his Motion for Temporary Restraining Order on the eve of sale and proclaiming urgency and irreparable harm after ostensibly sitting on his "rights" to the very last moment. No matter which way it is cut, Debtor/Plaintiff/Appellant's conduct rises to a level of a scheme to abuse the legal process for self-serving delay of the foreclosure action that prejudices Appellee FNMA/Seterus herein. Just as before, the instant motion is practically identical to the denied Motion for Temporary Injunction in that it is requesting the same relief and is making the same baseless allegations. The only difference is that Debtor appears to be seeking to set aside this Court's order denying his Motion for Temporary Injunction. It is a well-known maxim that "in order to get equity, one must do equity." Appellant's Motion for Preliminary Injunction flies directly in the face of this principle, and merits denial of the Motion in no uncertain terms.

In addition, and in a similar fashion as all of Appellant's conduct since May 2013, the merits of the instant appeal lack substance and appear to be yet another example of the scheme of delay. The Appellant continues to claim that the Bankruptcy Court lacked jurisdiction to enter final judgment in the adversary matter as grounds for appeal. The facts and pleadings say otherwise. Plaintiff/Appellant's Complaint explicitly consents to the Bankruptcy Court's jurisdiction on the first page of the Complaint. See Plaintiff's Complaint attached as **Exhibit "C"** to Appellee's Opposition to Motion for Temporary Injunction, **Docket # 8**. Furthermore, Appellees' FNMA/Seterus (and Ocwen by way of its Joinder to the Motion to Dismiss), also explicitly consents to the Bankruptcy Court's jurisdiction. See **Exhibit "A"**, page 2, "Jurisdiction" allegation, attached to Appellee's Opposition to Motion for Temporary Injunction, **Docket # 8**. With a unanimity of consent of parties to jurisdiction of the Bankruptcy Court and its subsequent entry of the Order of Dismissal dated Sept. 23, 2014 (the subject Order on appeal), it is curious now that the Appellant claims "lack of consent" as grounds for appeal. The fact is that the Appellant simply does not consent to the judgment that is adverse to his interests.

Additionally, in its Order denying Appellant's Motion for Temporary Restraining Order, this Court noted that Appellant's remedy in seeking a temporary restraining order is to be presented to the bankruptcy judge. Despite this procedural admonition, Appellant chose to ignore this Court's ruling and instead file this second, baseless motion instead of presenting his request for relief in the proper forum pursuant to FRBP 8005. Appellant continues to file these meritless motions rather than filing a substantive brief outlining why he is entitled to the relief he is seeking. Thus, this motion is yet another in a long line of attempts to further delay Appellant from proceeding with the foreclosure action.

Accordingly, the questionable merits of the Appellant's appeal do not support a "strong likelihood of success on the merits," and therefore the grounds for granting the instant Motion for Preliminary Injunction do not lie.

///
///
///
///
///
///

## CONCLUSION

For all the reasons stated above, Appellees FNMA/Seterus request that this Court deny the Appellant's Motion for Preliminary Injunction in its entirety.

DATED:          January 2, 2015

_/s/ Sherry Moore_
Sherry A. Moore, Esq., SBN 11215
McCarthy & Holthus, LLP
9510 W. Sahara Ave. #200
Las Vegas, NV 89117
Attorney for Federal National Mortgage Association, Inc., and Seterus, Inc.

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that I am an employee of McCarthy & Holthus, LLP; and that on January 5, 2015, I served the foregoing APPELLEES FEDERAL NATIONAL MORTGAGE ASSOCIATION, INC.'S and SETERUS, INC.'S OPPOSITION TO APPELLANT'S APPLICATION FOR PRELIMINARY INJUNCTION.

to the following:

<u>Via United States First Class Mail</u>

Aydin T Oner
3733 Misty Falls Street
Las Vegas, NV 89129

Raymond Jereza, Esq.
Wright Finlay & Zak, LLP
5532 S. Fort Apache Road, Ste 110
Las Vegas, NV 89148


_____
An Employee of McCarthy & Holthus, LLP