UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AYDIN T. ONER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,<br><br>　　　　　Defendants. | Case No. 2:14-cv-01604-JCM<br><br>ORDER |

Presently before the court is *pro se* appellant Aydin T. Oner's motion for preliminary injunction. (Doc. # 12). Appellees Federal National Mortgage Association ("FNMA") and Seterus, Inc. filed a response (doc. # 13) and appellant filed a reply (doc. # 16).

**I.   Background**

This case is an appeal of the bankruptcy court order dismissing appellant's complaint. Appellant seeks a preliminary injunction to halt the sale of his real property, scheduled for 9:15 AM, December 11, 2014. (*See id.*).

Appellant previously sought a temporary restraining order from this court in an effort to halt the same sale of property. (Doc. # 7). This court denied appellant's motion for temporary restraining order without prejudice on December 5, 2014. (Doc. # 9). The court found that, under Federal Rule of Bankruptcy Procedure 8005, appellant's remedy in seeking a temporary restraining order or any other relief pending appeal should be presented to the bankruptcy judge. Therefore, unless appellant showed why the relief was not obtained from the bankruptcy judge, the proper forum to provide appellant with the remedy he sought was the bankruptcy court, not the district court. Because appellant presented no reasons why he sought review from the district court instead of the procedurally appropriate avenue of the bankruptcy court, the court denied his motion for

temporary restraining order.

Appellant's instant motion for preliminary injunction presents essentially identical arguments and requests the same relief as the prior motion for temporary restraining order. (*See* docs. ## 7, 12). The only significant differences between the two motions are that appellant 1) appears to ask this court to set aside its December 5, 2014 order denying his motion for temporary restraining order, and 2) attaches as an exhibit his opposition to appellee's motion to dismiss from the bankruptcy court's previous proceeding.

In the instant motion for preliminary injunction, appellant once again presents few facts. (*See* doc. # 12). Appellant has only filed with the court a notice of appeal, the prior motion for temporary restraining order, and the instant motion for preliminary injunction and one exhibit. (*See* docs. ## 1, 7).

Based on the few exhibits filed with appellant's notice of appeal, it appears the bankruptcy court dismissed appellant's complaint because appellant "fail[ed] to plead any plausible non-conclusory facts and/or legal theories in support of any of the stated causes of action" and therefore failed to satisfy the standards of pleading under Federal Rules of Civil Procedure 8 and 12(b)(6). (*See* doc. # 1). Appellant then filed a notice of appeal with this court. (Doc. # 1).

**II.   Legal Standard**

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22, 32. The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

**III.   Discussion**

Under Federal Rule of Bankruptcy Procedure 8005, "A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, **or for other**

**relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance**. . . . **A motion for such relief**, or for modification or termination of relief granted by a bankruptcy judge, **may be made to the district court** or the bankruptcy appellate panel, **but the motion shall show why the relief, modification or termination was not obtained from the bankruptcy judge**." Fed. R. Bankr. P. 8005 (emphasis added).

The bankruptcy appellate panel, or the district court sitting in its stead, will not entertain a request for a stay of judgment pending appeal unless it is first demonstrated that trial judge is unavailable or that request was denied by trial judge. *See In re Wymer,* 5 B.R. 802, 807–08 (B.A.P. 9th Cir. 1980); *In re O'Kelley*, No. CIV. 10-00356 DAE, 2010 WL 3984666, at *3 (D. Haw. Oct. 8, 2010); Fed. R. Bankr. P. 8005. Only if the trial judge is unavailable does the appellate tribunal exercise its own discretion; in other instances, such as where trial court has denied stay, appellate panel simply determines whether trial court abused its discretion. *Id.*

Appellant's motion for a preliminary injunction in the instant case is a motion for "other relief pending appeal" under Rule 8005. Therefore, appellant's motion must ordinarily be presented to the bankruptcy judge in the first instance. If the motion is not presented to the bankruptcy judge first, appellant must show in his motion why the relief was not obtained from the bankruptcy judge.

Appellant asserts that his motion cannot be heard by the bankruptcy court because "the bankruptcy court cannot be trusted to respect the limits of its authority . . . ." (Doc. # 16). Appellant continues to assert, as he did in his motion for temporary restraining order, that his pleading before Judge Nakagawa in the bankruptcy court was "non-core." (*Id.*). Therefore, according to appellant, the Federal Rules of Bankruptcy Procedure instruct that Judge Nakagawa's dismissal of his complaint was beyond the scope of his authority. *See* Fed. R. Bankr. P. 7008(a). Federal Rule of Bankruptcy Procedure 7008(a) provides:

In an adversary proceeding before a bankruptcy judge, the complaint, counterclaim, cross-claim, or third-party complaint shall contain a statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge.

Appellant claims, again, that he never consented to the bankruptcy court entering any final order or judgment, and that the plain language of the statute means this court should rule in his favor. Appellant asks the court to impose a preliminary injunction because selling his home and pressuring his tenants to leave constitutes irreparable harm and undue hardship under the test for a preliminary injunction. (*See* doc. # 12).

Appellant stating that a proceeding is "non-core," however, does not make it true. As evidence to support his claims, appellant asserts that he presented his exhibits to this court by "referring to the [bankruptcy court's] docket numbers in footnotes." (Doc. # 12). Appellant suggests that "with a few mouse clicks" this court can locate all of those documents on its electronic docket. Therefore, only if the court "orders [him] to print then staple all those documents" to his filings, will appellant "go to the trouble of doing it." (Doc. # 12).

The court acknowledges that the appeal was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

It is not this court's job to assemble appellant's exhibits for him, especially when appellant has proved more than capable by including one exhibit – his response to appellee's motion to dismiss from the bankruptcy court proceeding of which he now appeals. In his response appellant "oppose[d] this motion [to dismiss] in its entirety as being insufficient, and not yet properly before the court." (Doc. # 12). Appellant's issue, however, was not that Judge Nakagawa did not have jurisdiction, as he claims now. Appellant complained, instead, that appellees motion was incomplete because they had not filed their corporate ownership statement with the court as he thought was required by Federal Rule of Bankruptcy Procedure 7007.1(a). Therefore, appellant asked that appellees properly resubmit their motion to dismiss, at which point he would respond to their substantive claims.

/ / /

Appellant has failed to present any evidence to demonstrate that he has a legitimate reason for not presenting his motion for preliminary injunction before the bankruptcy judge. Appellant's reason that "the bankruptcy court cannot be trusted to respect the limits of its authority," is insufficient.

Additionally, as appellees point out, it is peculiar that appellant now claims "lack of consent" as grounds for his appeal when appellant explicitly consented to the bankruptcy court's jurisdiction on the first page of his complaint. (Doc. # 8-Exh. A, at 2). This court agrees with appellee's assessment that appellant simply does not want to consent to judgments adverse to his interests.

Appellees further note that appellant continues to engage in a campaign of dilatory conduct to delay the foreclosure of his property, as evidenced by filing essentially the same motion for relief before this court as was previously denied. Further, appellant has ignored this court's prior order regarding proper procedure under Federal Rule of Bankruptcy Procedure 8005, which directs him to present his motion before the bankruptcy judge and not this court. Finally, appellant provides no reason to this court as to why he did not obtain or seek to obtain relief from the bankruptcy judge and presents no exhibits or other evidence to support his claims.

**IV.  Conclusion**

Because the appellant did not seek relief from the bankruptcy court first regarding this motion, and because appellant does not set forth any legitimate reasons why he was unable to seek relief from the bankruptcy court first, appellant's motion for a preliminary injunction will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that appellant's motion for a preliminary injunction (doc. # 12) be, and the same hereby is, DENIED without prejudice.

DATED THIS 14th day of January, 2015.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

5