UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br><br>AYDIN T. ONER,<br>　　　　　　　　　Debtor.<br><br>AYDIN T. ONER,<br>　　　　　　　　　Plaintiff(s)/Appellant,<br><br>　　v.<br><br>CITIMORTGAGE, INC. and NATIONAL DEFAULT SERVICING CORPORATION, et al.,<br>　　　　　　　　　Defendant(s)/Appellees. | Bk Case No. 14-14200-mkn<br>Chapter 13 (Dismissed)<br><br>Adv. Proceeding 14-011112-mkn<br><br>Case No. 2:14-CV-1604 JCM<br><br>ORDER |

Presently before the court is *pro se* appellant Aydin T. Oner's motion to hold appeal in abeyance. (Doc. # 20). Appellees Federal National Mortgage Association ("FNMA") and Seterus, Inc. filed a response (doc. # 22), which defendants National Default Servicing Corporation and CitiMortgage, Inc. joined (doc. # 23). Appellant filed a reply. (Doc. # 24).

This case is an appeal of the bankruptcy court order dismissing appellant's complaint. Appellant previously sought a temporary restraining order and a preliminary injunction from this court in an effort to halt the sale of property. (Docs. ## 7, 12). This court denied appellant's motions for temporary restraining order and preliminary injunction without prejudice. (Docs. ## 9, 17).

The court found that, under Federal Rule of Bankruptcy Procedure 8005, appellant's remedy in seeking a temporary restraining order, preliminary injunction, or any other

**James C. Mahan**
**U.S. District Judge**

1  relief pending appeal should be presented to the bankruptcy judge.  Therefore, unless appellant
2  showed why the relief was not obtained from the bankruptcy judge, the proper forum to provide
3  appellant with the remedy he sought was the bankruptcy court, not the district court.  Because
4  appellant presented no reasons why he sought review from the district court instead of the
5  procedurally appropriate avenue of the bankruptcy court, the court denied appellant's motions.
6  The property at issue was sold on December 11, 2014.  (Doc. # 22).

7  The court acknowledges that the appeal was filed *pro se* and is therefore held to less
8  stringent standards.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to
9  be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less
10 stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations
11 omitted).  However, "*pro se* litigants in the ordinary civil case should not be treated more favorably
12 than parties with attorneys of record."  *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

13 Appellant now seeks to hold his appeal in abeyance essentially because he disagrees with
14 the court's prior orders.  Appellate merely asserts that defendants have "either ousted or coerced
15 [his] tenants to vacate . . . depriving [him] of the rent [he is] due . . . ."  (Doc. # 20).  Appellant
16 cites no relevant authority to support his claim or anything in the instant motion.

17 Further, appellant states that filing a brief in the instant case would be a "waste of time."
18 (Doc. # 20).  Appellant has failed to meet the deadline to file his opening brief, despite an extension
19 by this court from January 24, 2015 to February 9, 2015.  (Doc. # 19).

20 Appellant has failed to present any reason, let alone authority, to support his motion to hold
21 appeal in abeyance.  The court and appellees noted previously that appellant engaged in a campaign
22 of dilatory conduct to delay the foreclosure of his property.  Despite the sale of this property,
23 appellant appears to continue his attempts to delay this case from proceeding.  The court will not
24 tolerate appellant's delay tactics and cautions appellant that by failing to file his opening brief by
25 the court's February 9, 2015, deadline he is in violation of a court order.

26 . . .
27 . . .
28 Accordingly,

**James C. Mahan**
**U.S. District Judge**

1   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that appellant's motion to hold appeal in abeyance (doc. # 20) be, and the same hereby is, DENIED without prejudice.

   IT IS FURTHER ORDERED that appellant shall file his opening brief before 5:00 P.M. on Friday, March 6, 2015.  The court cautions appellant that if he fails to file his opening brief by this deadline, the court may impose sanctions, including dismissal of appellant's appeal.

   DATED March 3, 2015.

   _____
   UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -