UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| In re:<br>AYDIN T. ONER,<br>Debtor. | Bk Case No. 14-14200-mkn<br>Chapter 13 (Dismissed)<br>Adv. Proceeding 14-011112-mkn |
| AYDIN T. ONER,<br>Plaintiff(s)/Appellant,<br>v.<br>CITIMORTGAGE, INC. and NATIONAL DEFAULT SERVICING CORPORATION, et al.,<br>Defendant(s)/Appellees. | Case No. 2:14-CV-1604 JCM<br>ORDER |

Presently before the court is the matter of *Oner v. Federal National Mortgage Association, et al.*, case number 2:14-cv-01604-JCM.

This case is an appeal of the bankruptcy court order dismissing appellant's complaint. *Pro se* appellant previously sought a temporary restraining order and a preliminary injunction from this court in an effort to halt the sale of property. (Docs. ## 7, 12). This court denied appellant's motions without prejudice. (Docs. ## 9, 17).

Appellant also sought for this court to hold his appeal in abeyance. (Doc. # 20). This court denied appellant's motion on March 3, 2015. (Doc. # 25). The court noted in its order that appellant had failed to meet the deadline to file his opening brief, despite an extension by this court from January 24, 2015 to February 9, 2015. (Doc. # 19). At the time of this court's order, appellant's opening brief was three weeks overdue.

The court *sua sponte* granted appellant an additional extension through March 6, 2015. (Doc. # 25). The court cautioned appellant that if he failed to file his opening brief by the March 6, 2015 deadline, the court may impose sanctions, including dismissal of his appeal.

The court acknowledges that the appeal was filed *pro se* and is therefore held to less stringent standards. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Applicable rules permit a court to dismiss claims or deny relief for failure to comply with court orders. *See In re Phynylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Generally speaking, dismissal for failure to obey a court order is a harsh penalty and should only be imposed in extreme circumstances. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

Courts weigh the following five factors when determining whether to dismiss a case for failing to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phynylpropanolamine*, 460 F.3d at 1226 (internal citations and quotations omitted).

"These factors are not a series of conditions precedent before the judge can do anything, but a way for the district judge to think about what to do." *Id*. (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). Although preferred, it is not required that the district court make explicit findings to show that it has considered these factors. *Id*. A dismissal sanction will only be overturned if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Id*. (internal citations and quotations omitted).

Here, the failure to comply with the court's express instruction does not lend itself to the expeditious resolution of litigation. The court granted appellant an extension to file his opening brief up to and including February 9, 2015. Appellant did not moved this court for another extension and failed to file his opening brief by February 9, 2015.

Further, the court *sua sponte* granted appellant an additional extension which allowed appellant the opportunity to file his opening brief nearly one month beyond the requested deadline that appellant failed to meet. (Doc. # 25). The court cautioned appellant that his appeal may be dismissed if he failed to file his opening brief by March 6, 2015. That deadline has passed.

Appellant has failed to file his opening brief, a request for an extension of time, or any other document with the court to indicate that he is attempting to comply with court orders. Additionally, appellant stated in his last filing that submitting an opening brief in the instant case would be a "waste of time." This comment, and appellant's failure to abide by court deadlines suggests that he is not interested in continuing this litigation and will continue to fail to abide by court orders. (Doc. # 20). This weighs in favor of dismissal.

The failure to comply in a timely manner with court orders makes it difficult for the court to effectively manage its docket. *See Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted) (a court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate). This weighs in favor of dismissal.

Permitting this case to proceed would prejudice defendants, who are unable to defend because plaintiff refuses move the case forward by filing an opening brief. This factor weighs in favor of dismissal. As such, the court concludes that less drastic sanctions are not appropriate and the dismissal of appellant's appeal is appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that appellant Aydin T. Oner's appeal be, and the same hereby is, DISMISSED. The clerk's office is instructed to close the case and enter judgment in favor of defendants.

DATED March 12, 2015.

James C. Mahan

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge